MARGARET HUME (SB# 85683)
E-mail: margaret.hume@nlrb.gov
MORI P. RUBIN (SB# 94517)
E-mail: mori.rubin@nlrb.gov
JOANNA F. SILVERMAN (SB# 239922)
E-mail: joanna.silverman@nlrb.gov
National Labor Relations Board
Region 31
11150 W. Olympic Blvd., Suite 700
Los Angeles, CA 90064-1824
Telephone: (310) 235-7351
Facsimile: (310) 235-7420

Attorneys for Petitioner

FILED
CLERK, U.S. DISTRICT COURT

APR - 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JAMES J. McDERMOTT, Regional Director of Region 31 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,

        Petitioner,

    and

VERITAS HEALTH SERVICES, INC. d/b/a CHINO VALLEY MEDICAL CENTER

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No.

CV11 02852 PA (OPx)

PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED [29 U.S.C. § 160(j)]

Date:

Time:

Courtroom:

To the Honorable Judges of the United States District Court for the Central District of California:

James J. McDermott, Regional Director of Region 31 ("Region 31") of the National Labor Relations Board (the "Board"), hereby petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)) (the "Act"), for a temporary injunction pending final disposition of the matters here in issue, which are presently scheduled to be heard by an Administrative Law Judge of the Board pursuant to a Consolidated Complaint of the General Counsel of the Board. The Consolidated Complaint alleges that Veritas Health Services, Inc. d/b/a Chino Valley Medical Center, herein called Respondent, has engaged in acts and conduct in violation of Sections 8(a)(1), (3), and (5) of the Act (29 U.S.C. §§ 158(a)(1), (3), and (5)). In support thereof, Petitioner respectfully shows as follows:

1.      Petitioner is the Regional Director of Region 31 of the Board, an agency of the United States. This petition is filed for and on behalf of the Board.

2.      The Court's jurisdiction is invoked pursuant to Section 10(j) of the Act (29 U.S.C. § 160(j)), herein called Section 10(j) of the Act.

3.      (a)      On or about the dates set forth below, United Nurses Associations of California/Union of Health Care Professions, NUHHCE, AFSCME, AFL-CIO, herein called the Union, filed with the Board charges and amended charges as follows, alleging various violations of Sections 8(a)(1), (3), and (5) of the Act, and said charges were served by Region 31 of the Board on the dates indicated below:

| Case No. | Charge | Date Filed | Date Served |
|----------|--------|------------|-------------|
| 31-CA-29713 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29714 | Original | May 7, 2010 | May 12, 2010 |

| 31-CA-29714 | First Amended | June 9, 2010 | June 10, 2010 |
|---|---|---|---|
| 31-CA-29715 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29716 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29716 | First Amended | June 29, 2010 | July 1, 2010 |
| 31-CA-29717 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29738 | Original | May 21, 2010 | May 25, 2010 |
| 31-CA-29745 | Original | June 1, 2010 | June 3, 2010 |
| 31-CA-29749 | Original | June 1, 2010 | June 3, 2010 |
| 31-CA-29768 | Original | June 9, 2010 | June 10, 2010 |
| 31-CA-29769 | Original | June 9, 2010 | June 10, 2010 |
| 31-CA-29786 | Original | June 18, 2010 | June 21, 2010 |
| 31-CA-29936 | Original | September 15, 2010 | September 17, 2010 |
| 31-CA-29965 | Original | September 30, 2010 | October 1, 2010 |
| 31-CA-29966 | Original | September 30, 2010 | October 1, 2010 |

(b)     True and correct copies of the original and amended charges referred to above in subparagraph 3(a) are attached hereto as Exh. 1, pp. 20-35, and are made a part hereof.

4.     (a)     The charges referred to in Paragraph 3 above were referred to the Regional Director of Region 31 of the Board.  Thereafter, following a field investigation, during which all parties had an opportunity to submit evidence and legal analysis, the Acting General Counsel of the Board, on behalf of the Board, pursuant to Section 3(d) of the Act (29 U.S.C. § 153(d)), by the Regional Director of Region 31, issued an Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing, herein called the Consolidated Complaint, against Respondent

on February 23, 2011, pursuant to Section 10(b) of the Act (29 U.S.C. Section 160(b)).

(b)    The Consolidated Complaint alleges, *inter alia*, that the Respondent has engaged in, and is engaging in, various unfair labor practices within the meaning of Section 8(a)(1), (3), and (5) of the Act.

(c)    A true and accurate copy of the Consolidated Complaint is attached hereto as Exh. 2, pp. 36-50, and is made a part hereof.

(d)    A true and accurate copy the Respondent's Answer is attached hereto as Exh. 2, pp. 51-54, and is made a part hereof.

5.    (a)    On March 9, 2011, the Regional Director issued an Order Rescheduling the Hearing until June 6, 2011, at which time the merits of the Consolidated Complaint will be heard before an Administrative Law Judge of the Board in Los Angeles, California.

(b)    A true and accurate copy of the Order Rescheduling Hearing is attached hereto as Exh. 2, pp. 55-56, and is made a part hereof.

6.    Respondent has refused to settle or remedy all of the allegations of the Consolidated Complaint.

7.    Petitioner asserts that there is a strong likelihood that the Board will find that Respondent engaged in, and is engaging in, unfair labor practices within the meaning of §§ 8(a)(1), (3), and (5) of the Act; and that said unfair labor practices affect commerce within the meaning of Section 2(6) and (7) of the Act (29 U.S.C. §§ 152(6) and (7)).

8.    More particularly, as shown by the affidavits, exhibits, and other materials attached hereto as Exh. 3, pp. 57-400, Petitioner asserts that there is a strong likelihood that the Board will find, in the underlying administrative proceedings, that:

(a)    (1)    At all material times, Respondent, a California corporation, has been engaged in the operation of an acute care hospital at its 5451 Walnut Avenue,

Chino, California facility ("the Hospital").

(2)     Respondent, in conducting its business operations described above in Paragraph 8(a)(1), annually derives gross revenues from the Hospital in excess of $250,000.

(3)     Respondent, in conducting its business operations described above in Paragraph 8(a)(1), annually purchases and receives at the Hospital goods or services valued in excess of $5,000 directly from points outside the State of California.

(4)     At all material times, Respondent has been engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act, and has been a healthcare institution within the meaning of Section 2(14) of the Act.

(b)     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(c)     At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Mary K. Schottmiller | - | Assistant General Counsel |
| James Lally | - | Chief Medical Officer |
| Carlos Gonzalez | - | Manager |
| Lex Reddy | - | Chief Executive Officer |
| AnneMarie Robertson | - | Director of Nursing |
| Linda Ruggio | - | Director of Nursing |
| Suzanne Richards | - | Vice-President of Operations |
| Cheryl Gilliatt | - | Manager |

| Arthi Dupher | - | Director of Human Resources |
| Dolly Casas | - | Charge Nurse |
| Terri Hower | - | Charge Nurse |
| Robin (last name unknown) | - | Labor Consultant |

(d)    The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

All full-time, regular part-time and regular per diem registered nurses employed by the Employer at its 5451 Walnut Avenue, Chino, California facility in the following departments: Emergency Services, Critical Care Services/Intensive Care Unit, Surgery, Post-Anesthesia Care Unit, Outpatient Services, Gastrointestinal Laboratory, Cardiovascular Catheterization Laboratory, Radiology, Telemetry/Direct Observation Unit and Medical/Surgical.

(e)    (1)    On April 1 and 2, 2010, a representation election was conducted among the employees in the Unit.

(2)    On January 25, 2011, the Union was certified as the exclusive collective-bargaining representative of the Unit.

(f)    At all times since January 25, 2011, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

(g)   (1)   Since on or about April 9, 2010, the Union, by letter, has requested that Respondent furnish the Union with, *inter alia*, the following information:

> lists of employees including details as to full or part-time status, hourly wage rates, wage increases, fringe benefits, classifications, shifts, addresses and phone numbers; employee handbooks; company policies and procedures; job descriptions; benefit plans; costs of benefits; and disciplinary notices.

(2)   The information requested by the Union, as described above in Paragraph 8(g)(1) is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the Unit.

(3)   Since on or about April 14, 2010, Respondent, has failed and refused to furnish the Union with the information requested by it as described in Paragraph 8(g)(1).

(h)   In April 2010, Respondent began to enforce a rule requiring employees to be present for mandatory meetings.

(i)   In May 2010, Respondent began to enforce a rule requiring employees to clock in for their shifts at their start times, without any grace period.

(j)   On or about April 13, 2010, Respondent, through AnneMarie Robertson, notified employees that they could not make changes or exchanges of shifts once schedules are posted.

(k)     In April 2010, Respondent ceased reimbursing employees who are not full-time for expenses and time spent attending certification classes.

(l)     (1)     The subjects set forth above in Paragraphs 8(h) through and including 8(k) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(2)     Respondent engaged in the conduct described above in Paragraphs 8(h) through and including 8(k) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

(m)     (1)     On or about the dates set forth opposite their names, Respondent disciplined the employees named below:

| | | |
|---|---|---|
| Teer Lina | - | April 15, 2010 |
| Yesenia DeSantiago | - | May 4, 2010 |
| Ronald Magsino | - | May 5, 2010 |
| Vincent Hilvano | - | May 5, 2010 |
| Marlene Bacani | - | May 5, 2010 |
| Rosalyn Roncesvalles | - | April 14, 2010 and May 12, 2010 |

(2)     Since on or about May 1, 2010, Respondent disciplined employees whose names are not presently known to the Region for clocking in without a grace period.

(3)     Respondent engaged in the conduct described above in Paragraphs 8(m)(1) and 8(m)(2) as a result of Respondent's conduct described above in Paragraphs 8(h) and/or 8(i), and 8(l)(2).

(4)     Respondent engaged in the conduct described above in Paragraphs 8(m)(1) and 8(m)(2) because the employees of Respondent joined the Union and engaged in concerted activities and to discourage employees from engaging in these activities.

(n)     (1)     On or about May 20, 2010, Respondent discharged its employee Ronald Magsino.

(2)     Respondent engaged in the conduct described above in Paragraph 8(n)(1) because Ronald Magsino joined the Union and engaged in concerted activities and to discourage employees from engaging in these activities.

(o)     On or about March 8, 2010, Respondent, by its Labor Consultant, Robin (last name unknown), in the Telemetry department threatened employees with loss of employment if employees supported the Union.

(p)     In mid-March 2010, Respondent, by Carlos Gonzalez, in his office, impliedly threatened an employee with a reduction in benefits if employees supported the Union.

(q)     In mid-March 2010, Respondent, by Suzanne Richards and/or Linda Ruggio, in the second floor conference room, threatened employees with a reduction in benefits if employees supported the Union.

(r)     On or about March 31, 2010, Respondent, by James Lally, in the conference room:

(1)     Interrogated an employee about his/her union activities; and

(2)     Impliedly threatened an employee with adverse consequences if employees supported the Union.

(s)     In mid-April 2010, Respondent, by James Lally, in the ambulance bay, threatened an employee with termination because of his/her union and/or protected concerted activities.

(t)     In late April 2010, Respondent, by Terri Hower, at the nurses' station in the Telemetry department, told employees that since employees chose union representation, they would lose previously-enjoyed benefits.

(u)     Respondent, by Lex Reddy:

(1)     On or about May 3 and/or May 4, 2010, in the first floor conference room:

> (i)     Threatened to more rigorously enforce Respondent's policies since employees chose union representation;
>
> (ii)     Threatened to enforce previously unenforced policies of Respondent since employees chose union representation; and
>
> (iii)     Instructed employees not to speak to third parties and/or the media about their protected concerted activities and/or their terms and conditions of employment.

(2)     On or about May 6 or 7, 2010, in the first floor conference room, threatened to discipline employees since employees chose union representation.

(v)     In mid-April 2010, Respondent, by James Lally, in the ambulance bay, created an impression among its employees that their union activities and/or protected concerted activities were under surveillance by Respondent.

(w)     In May 2010, Respondent, by Dolly Casas, in the Intensive Care Unit, created an impression among its employees that their union activities and/or protected concerted activities were under surveillance by Respondent.

(x)     (1)     On or about May 1, 2010, Respondent, by Cheryl Gilliatt and Linda Ruggio, in Cheryl Gilliatt's office, denied the request of its employee Helen Kibbler to be represented by the Union during an interview.

(2)   Respondent's employee Helen Kibbler had reasonable cause to believe that the interview described above in Paragraph 8(x)(1) would result in disciplinary action being taken against her.

(3)   On or about May 1, 2010, Respondent, by Cheryl Gilliatt and Linda Ruggio, in Cheryl Gilliatt's office, conducted the interview described above in Paragraph 8(x)(1) with its employee Helen Kibbler, even though Respondent had denied the employee's request for union representation described above in Paragraph 8(x)(1).

(y)   In or about mid-May 2010, the Respondent issued subpoenas *duces tecum* to current or former employees and representatives of the Union requesting, *inter alia*, the following information:

Any and all documents relating to any communication during the relevant time period between you and any representative of the Union

All authorization and/or membership cards signed by any Charge Nurse during the relevant time period, including any authorization and/or membership cards you signed, if you were employed by Respondent as a Charge Nurse during said period,

All authorization and/or membership cards signed by any RN during the relevant period,

All documents relating to the distribution and/or solicitation of Union authorization and/or membership cards during the relevant time period.

- 12 -

(z)   By the conduct described above in Paragraphs 8(g)(3), 8(h), 8(i), 8(j), 8(k), 8(l)(2), 8(m)(1) through 8(m)(3), Respondent has been failing and refusing to bargain collectively with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and 8(a)(5) of the Act.

(aa)   By the conduct described above in Paragraphs 8(m)(1), 8(m)(2), and 8(n)(1), and for the reasons set forth above in Paragraphs 8(m)(4) and 8(n)(2), Respondent has discriminated in regard to the hire or tenure or terms or conditions of employment of employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(bb)   By the conduct described above in Paragraphs 8(o) through and including 8(y), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(cc)   The acts and conduct of Respondent described above constitute unfair labor practices affecting commerce within the meaning of Section 2(6) and (7) of the Act.

9.   Unless a temporary injunction is obtained, it can fairly be anticipated that the unlawfully discharged employee will find a new job elsewhere; that the majority support rightfully won by the Union will be eroded; and that the status of the Union will have been permanently undermined, harms that cannot be remedied in due course by the Board.

10.    The Court's grant of a Section 10(j) injunction will prevent the scattering of the unlawfully discharged employee, erosion of the Union's majority status, undermining of the collective-bargaining process, and damage to the Board's remedial powers.

11.    There is no adequate remedy at law for the irreparable harm being caused by the Respondent's unfair labor practices described above.

12.    The equities in this matter, including the harm to the employees involved herein, the harm to the public interest, and the harm to the purposes and policies of the Act if the requested injunction is not granted, clearly outweigh any harm that the grant of a temporary injunction might have on Respondent.  Granting the temporary injunction sought by Petitioner will cause no undue hardship to Respondent.

13.    Upon information and belief, it may be fairly anticipated that, unless Respondent's unfair labor practices are immediately enjoined and restrained, Respondent will continue to engage in the acts and conduct alleged above.

14.    Upon information and belief, to avoid the serious results referred to above, it is essential, just, proper, and appropriate, for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and Respondent's employees, and in accordance with the purposes of Section 10(j) of the Act, that, pending final disposition of the matters at issue before the Board, Respondent be enjoined and restrained as prayed herein.

WHEREFORE, Petitioner prays:

That the Court issue an order directing Veritas Health Services, Inc. d/b/a Chino Valley Medical Center, to appear before this Court, at a time and place to be fixed by the Court, and show cause, if any there be, why, pending final disposition of the matters at issue before the Board, a temporary injunction should not issue

requiring that Respondent, its officers, agents, successors, assigns, and all persons acting in concert or participation with it:

Cease and desist from:

a.  Disciplining employees because they engaged in activity on behalf of United Nurses Associations of California/Union of Health Care Professions, NUHHC, ASCME, AFL-CIO ("the Union");

b.  Discharging employees because they engaged in activity on behalf of the Union;

c.  Unilaterally changing terms and conditions of employment of its employees in the Unit represented by the Union at its Chino, California facility, without providing the Union with notice of and the opportunity to bargain to agreement or good-faith impasse over any proposed changes;

d.  Failing to furnish the Union with information requested by the Union on April 9, 2010, which information is necessary for the Union's performance of its collective-bargaining duties;

e.  Threatening to more rigorously enforce policies because employees engaged in union activity;

f.  Threatening to more closely monitor employees' attendance and tardiness because of their union activities;

g.  Threatening employees with adverse consequences because of their union activities;

h.  Threatening employees that they will lose benefits because they voted for the union;

i.  Telling employees that they cannot talk to the media or other third-parties about their protected concerted activities and/or working conditions;

j.  Interrogating employees about their union activities or support;

k.      Requiring employees to take part in an interview or meeting without union representation if the employee requests such representation and if the employees had reasonable grounds to believe that the matters to be discussed at such interview or meeting may result in his/her being subject to disciplinary action;

l.      Serving employees and the Union with subpoenas requesting documents reflecting employees' union support and/or activities;

m.      Creating the impression that Respondent is engaging in surveillance of employees' union activities;

n.      In any other like or related manner, interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

Take the following affirmative action:

a.      Within five days of issuance of this Order offer to reinstate employee Ronald Magsino to the position he held at Chino Valley Medical Center on May 20, 2010, with full remuneration, benefits and privileges, or if that job position no longer exists, to a substantially equivalent position without prejudice to his seniority or other rights and privileges previously enjoyed, displacing, if necessary, any newly hired or reassigned workers;

b.      Within 14 days of the issuance of the Order, remove from its files any reference to the discharge of Ronald Magsino on May 20, 2010.

c.      Within 14 days of the issuance of the Order, rescind and remove from its files any reference to the attendance discipline issued to employees Teer Lina and Rosalyn Roncesvalles in April 2010;

d.      Within 14 days of the issuance of the Order, rescind and remove from its files any reference to the tardiness discipline issued to Ronald Magsino, Marlene Bacani, Rosalyn Roncesvalles, Yesenia

- 16 -

DeSantiago, and Vincent Hilvano, and other employees whose names are not presently known to the Region who received similar tardiness disciplinary notices issued since May 1, 2010 for clocking in within 7 minutes of their start times;

e.   Within 14 days of the issuance of the Order, upon the request of the Union, rescind the following unilateral changes made to the terms and conditions of employment of Unit employees:

    i.    Tardiness;

    ii.    Attendance;

    iii.    Scheduling; and

    iv.    Education Reimbursement;

f.   Within 14 days of the issuance of the Order, notify and, on request, bargain in good faith with the Union as the unit employees' exclusive collective-bargaining representative to an agreement or lawful impasse before implementing any changes to the unit employees' wages, hours, or other terms and conditions;

g.   Within 14 days of the issuance of the Order, provide information in response to the Union's April 9, 2010 information request;

h.   Within 14 days of the issuance of the Order, post copies of this Order at all places at Respondent's Hospital where notices to employees are customarily posted and distribute copies of this Order electronically to employees.  The copies of the Order are to be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements.  Grant to agents of the Board reasonable access to locations of the Hospital where notices to employees are customarily posted in order to monitor compliance with this posting requirement;

i.      Within 14 days of the issuance of the Order, hold a meeting or
meetings scheduled to ensure the widest possible attendance, at which
the District Court's order is to be read to the employees by a
responsible management official or, at the Employer's option, by a
Board Agent in that official's presence.

j.      Within 21 days of the Issuance of this Order, file with the Court,
along with a copy to the Regional Director of Region 31, a sworn
affidavit from a responsible official of Respondent setting forth with
specificity the manner in which Respondent has complied with the
terms of this Order, including how and when it posted the documents
required by this Order.

Dated at Los Angeles, California, this 4th day of April, 2011.

James J. McDermott, Regional Director
National Labor Relations Board
Region 31
11150 W. Olympic Blvd., Suite 700
Los Angeles, California 90064-1824

Margaret Hume
Regional Attorney
Mori P. Rubin
Deputy Regional Attorney

Joanna F. Silverman
Attorney for Petitioner

# DECLARATION

I, James J. McDermott, hereby declare under penalty of perjury under the laws of the United States of America that I am the Regional Director for Region 31 of the National Labor Relations Board; that I am duly authorized to execute and file this Petition; that I have read the foregoing Petition and know the contents thereof; and that the statements therein are true and correct to the best of my knowledge and belief.

Executed at Los Angeles, California this 4th day of April 2011.

James J. McDermott, Regional Director
National Labor Relations Board
Region 31
11150 W. Olympic Blvd., Suite 700
Los Angeles, California 90064-1824

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## CV11- 2852 PA (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| James J. McDermott, Regional Director of Region 31 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board | Veritas Health Services, Inc. d/b/a Chino Valley Medical Center |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Joanna F. Silverman, Esq.<br>National Labor Relations Board, Region 31,<br>11150 West Olympic Blvd., Suite 700, Los Angeles, CA 90064 T:310.235.7459 | Ted R. Scott, Esq.<br>Littler Mendelson, P.C.<br>501 West Broadway, Suite 900<br>San Diego, CA 92101-3577 T: 619.515.1837 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 160(j) - injunctive relief in a labor dispute

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☑ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11 02852**

FOR OFFICE USE ONLY:  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| San Bernardino | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _Joanna F. Silverman_    Date  4/4/11

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |