Exhibit 2

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
Region 31

VERITAS HEALTH SERVICES, INC. d/b/a
CHINO VALLEY MEDICAL CENTER

and

Cases: 31-CA-29713, 31-CA-29714,
31-CA-29715, 31-CA-29716,
31-CA-29717, 31-CA-29738,
31-CA-29745, 31-CA-29749,
31-CA-29768, 31-CA-29769,
31-CA-29786, 31-CA-29936,
31-CA-29965 and 31-CA-29966

UNITED NURSES ASSOCIATIONS OF
CALIFORNIA/UNION OF HEALTH CARE
PROFESSIONALS, NUHHCE, AFSCME, AFL-CIO

## **ORDER CONSOLIDATING CASES,**
## **CONSOLIDATED COMPLAINT AND NOTICE OF HEARING**

United Nurses Associations of California/Union of Health Care Professionals,

NUHHCE, AFSCME, AFL-CIO, herein called the Union, has charged in Case Nos. 31-CA-

29713, 31-CA-29714, 31-CA-29715, 31-CA-29716, 31-CA-29717, 31-CA-29738, 31-CA-

29745, 31-CA-29749, 31-CA-29768, 31-CA-29769, 31-CA-29786, 31-CA-29936, 31-CA-

29965, and 31-CA-29966 that Veritas Health Services, Inc. d/b/a Chino Valley Medical

Center, herein called Respondent, has been engaging in unfair labor practices as set forth in

the National Labor Relations Act, 29 U.S.C. § 151 et seq., herein called the Act. Based

thereon the Acting General Counsel, by the undersigned, pursuant to Section 10(b) of the

Act and Section 102.33 of the Rules and Regulations of the National Labor Relations Board,

herein called the Board, ORDERS that these cases are consolidated.

**Exhibit 2**
**Page 36 of 402**

These cases having been consolidated, the Acting General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Board's Rules and Regulations, issues this Order Consolidating Cases, Consolidated Complaint and Notice of Hearing and alleges as follows:

1.    The charges in the above cases were filed by the Charging Party, as set forth in the following table, and served upon the Respondent on the dates indicated:

| Case No. | Charge | Date Filed | Date Served |
|----------|--------|-----------|-------------|
| 31-CA-29713 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29714 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29714 | First Amended | June 9, 2010 | June 10, 2010 |
| 31-CA-29715 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29716 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29716 | First Amended | June 29, 2010 | July 1, 2010 |
| 31-CA-29717 | Original | May 7, 2010 | May 12, 2010 |
| 31-CA-29738 | Original | May 21, 2010 | May 25, 2010 |
| 31-CA-29745 | Original | June 1, 2010 | June 3, 2010 |
| 31-CA-29749 | Original | June 1, 2010 | June 3, 2010 |
| 31-CA-29768 | Original | June 9, 2010 | June 10, 2010 |
| 31-CA-29769 | Original | June 9, 2010 | June 10, 2010 |
| 31-CA-29786 | Original | June 18, 2010 | June 21, 2010 |
| 31-CA-29936 | Original | September 15, 2010 | September 17, 2010 |
| 31-CA-29965 | Original | September 30, 2010 | October 1, 2010 |
| 31-CA-29966 | Original | September 30, 2010 | October 1, 2010 |

2.    (a)    At all material times, Respondent, a California corporation, has been engaged in the operation of an acute care hospital at its 5451 Walnut Avenue, Chino, California facility ("the Hospital").

Exhibit 2
Page 37 of 402

(b)     Respondent, in conducting its business operations described above in Paragraph 2(a), annually derives gross revenues from the Hospital in excess of $250,000.

(c)     Respondent, in conducting its business operations described above in Paragraph 2(a), annually purchases and receives at the Hospital goods or services valued in excess of $5,000 directly from points outside the State of California.

3.     At all material times, Respondent has been engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act, and has been a healthcare institution within the meaning of Section 2(14) of the Act.

4.     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.     At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act.

| | | |
|---|---|---|
| Mary K. Schottmiller | - | Assistant General Counsel |
| James Lally | - | Chief Medical Officer |
| Carlos Gonzalez | - | Manager |
| Lex Reddy | - | Chief Executive Officer |
| AnneMarie Robertson | - | Director of Nursing |
| Linda Ruggio | - | Director of Nursing |
| Suzanne Richards | - | Vice-President of Operations |
| Cheryl Gilliatt | - | Manager |
| Arthi Dupher | - | Director of Human Resources |
| Dolly Casas | - | Charge Nurse |
| Terri Hower | - | Charge Nurse |
| Robin (last name unknown) | - | Labor Consultant |

**Exhibit 2**
**Page 38 of 402**

6.     The following employees of Respondent, herein called the Unit, constitute a

unit appropriate for the purposes of collective bargaining within the meaning of Section

9(b) of the Act:

> All full-time, regular part-time and regular per diem registered nurses employed by
> the Employer at its 5451 Walnut Avenue, Chino, California facility in the following
> departments: Emergency Services, Critical Care Services/Intensive Care Unit,
> Surgery, Post-Anesthesia Care Unit, Outpatient Services, Gastrointestinal
> Laboratory, Cardiovascular Catheterization Laboratory, Radiology,
> Telemetry/Direct Observation Unit and Medical/Surgical.

7.          (a)     On April 1 and 2, 2010, a representation election was

conducted among the employees in the Unit.

            (b)     On January 25, 2011, the Union was certified as the exclusive

collective-bargaining representative of the Unit.

8.     At all times since, January 25, 2011, based on Section 9(a) of the Act, the

Union has been the exclusive collective-bargaining representative of the Unit.

9.          (a)     Since on or about April 9, 2010, the Union, by letter, has

requested that Respondent furnish the Union with, *inter alia*, the following information:

> lists of employees including details as to full or part-time status, hourly wage rates,
> wage increases, fringe benefits, classifications, shifts, addresses and phone numbers;
> employee handbooks; company policies and procedures; job descriptions; benefit
> plans; costs of benefits; and disciplinary notices.

            (b)     The information requested by the Union, as described above in

Paragraph 9(a) is necessary for, and relevant to, the Union's performance of its duties as

the exclusive collective-bargaining representative of the Unit.

            (c)     Since on or about April 14, 2010, Respondent, has failed and

refused to furnish the Union with the information requested by it as described in

Paragraph 9(a).

-4-

Exhibit 2
Page 39 of 402

10.     In April 2010, Respondent began to enforce a rule requiring employees to be present for mandatory meetings.

11.     In May 2010, Respondent began to enforce a rule requiring employees to clock in for their shifts at their start times, without any grace period.

12.     On or about April 13, 2010, Respondent, through AnneMarie Robertson, notified employees that they could not make changes or exchanges of shifts once schedules are posted.

13.     In April 2010, Respondent ceased reimbursing employees who are not full-time for expenses and time spent attending certification classes.

14.          (a)     The subjects set forth above in Paragraphs 10 through and including 13 relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

              (b)     Respondent engaged in the conduct described above in Paragraphs 10 through and including 13 without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

15.          (a)     On or about the dates set forth opposite their names, Respondent disciplined the employees named below:

| Teer Lina | - | April 15, 2010 |
| Yesenia DeSantiago | - | May 4, 2010 |
| Ronald Magsino | - | May 5, 2010 |
| Vincent Hilvano | - | May 5, 2010 |
| Marlene Bacani | - | May 5, 2010 |

**Exhibit 2**
**Page 40 of 402**

Rosalyn Roncesvalles - April 14, 2010 and May 12, 2010

 (b) Since on or about May 1, 2010, Respondent disciplined employees whose names are not presently known to the Region for clocking in without a grace period.

 (c) Respondent engaged in the conduct described above in Paragraphs 15(a) and 15(b) as a result of Respondent's conduct described above in Paragraphs 10 and/or 11, and 14(b).

 (d) Respondent engaged in the conduct described above in Paragraphs 15(a) and 15(b) because the employees of Respondent joined the Union and engaged in concerted activities and to discourage employees from engaging in these activities.

16. (a) On or about May 20, 2010, Respondent discharged its employee Ronald Magsino.

 (b) Respondent engaged in the conduct described above in Paragraph 16(a) because Ronald Magsino joined the Union and engaged in concerted activities and to discourage employees from engaging in these activities.

17. On or about March 8, 2010, Respondent, by its Labor Consultant, Robin (last name unknown), in the Telemetry department threatened employees with loss of employment if employees supported the Union.

18. In mid-March 2010, Respondent, by Carlos Gonzalez, in his office, impliedly threatened an employee with a reduction in benefits if employees supported the Union.

Exhibit 2
Page 41 of 402

19.     In mid-March 2010, Respondent, by Suzanne Richards and/or Linda Ruggio, in the second floor conference room, threatened employees with a reduction in benefits if employees supported the Union.

20.     On or about March 31, 2010, Respondent, by James Lally, in the conference room:

      (a)     Interrogated an employee about his/her union activities; and

      (b)     Impliedly threatened an employee with adverse consequences if employees supported the Union.

21.     In mid-April 2010, Respondent, by James Lally, in the ambulance bay, threatened an employee with termination because of his/her union and/or protected concerted activities.

22.     In late April 2010, Respondent, by Terri Hower, at the nurses' station in the Telemetry department, told employees that since employees chose union representation, they would lose previously-enjoyed benefits.

23.     Respondent, by Lex Reddy:

      (a)     On or about May 3 and/or May 4, 2010, in the first floor conference room:

            (i)     Threatened to more rigorously enforce Respondent's policies since employees chose union representation;

            (ii)     Threatened to enforce previously unenforced policies of Respondent since employees chose union representation; and

**Exhibit 2**
**Page 42 of 402**

(iii)     Instructed employees not to speak to third parties and/or the media about their protected concerted activities and/or their terms and conditions of employment.

(b)     On or about May 6 or 7, 2010, in the first floor conference room, threatened to discipline employees since employees chose union representation.

24.     In mid-April 2010, Respondent, by James Lally, in the ambulance bay, created an impression among its employees that their union activities and/or protected concerted activities were under surveillance by Respondent.

25.     In May 2010, Respondent, by Dolly Casas, in the Intensive Care Unit, created an impression among its employees that their union activities and/or protected concerted activities were under surveillance by Respondent.

26.     (a)     On or about May 1, 2010, Respondent, by Cheryl Gilliatt and Linda Ruggio, in Cheryl Gilliatt's office, denied the request of its employee Helen Kibbler to be represented by the Union during an interview.

(b)     Respondent's employee Helen Kibbler had reasonable cause to believe that the interview described above in Paragraph 26(a) would result in disciplinary action being taken against her.

(c)     On or about May 1, 2010, Respondent, by Cheryl Gilliatt and Linda Ruggio, in Cheryl Gilliatt's office, conducted the interview described above in Paragraph 26(a) with its employee Helen Kibbler, even though Respondent had denied the employee's request for union representation described above in Paragraph 26(a).

**Exhibit 2**
**Page 43 of 402**

27.    In or about mid-May 2010, the Respondent issued subpoenas *duces tecum* to current or former employees and representatives of the Union requesting, *inter alia*, the following information:

> Any and all documents relating to any communication during the relevant time period between you and any representative of the Union
>
> All authorization and/or membership cards signed by any Charge Nurse during the relevant time period, including any authorization and/or membership cards you signed, if you were employed by Respondent as a Charge Nurse during said period,
>
> All authorization and/or membership cards signed by any RN during the relevant period,
>
> All documents relating to the distribution and/or solicitation of Union authorization and/or membership cards during the relevant time period.

28.    By the conduct described above in Paragraphs 9(c), 10, 11, 12, 13, 14(b), and 15(a) through (c), Respondent has been failing and refusing to bargain collectively with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and 8(a)(5) of the Act.

29.    By the conduct described above in Paragraphs 15(a), 15(b) and 16(a), and for the reasons set forth above in Paragraphs 15(d) and 16(b), Respondent has discriminated in regard to the hire or tenure or terms or conditions of employment of employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

30.    By the conduct described above in Paragraphs 17 through and including 27, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

31.    The acts and conduct of Respondent described above constitute unfair labor practices affecting commerce within the meaning of Section 2(6) and (7) of the Act.

**Exhibit 2**
**Page 44 of 402**

WHEREFORE, in addition to seeking proper and just relief for the unfair labor practices alleged herein, as part of the remedy for the unfair labor practices alleged herein, the Acting General Counsel seeks an Order requiring that Respondent:

(a)     Promptly have Lex Reddy or other high-ranking management representative read the Notice in the presence of employees on worktime, or be present while a Board agent reads the Notice; and

(b)     For the unfair labor practices alleged above in Paragraphs 10, 11, 12, 13, 15(a), and 15(b), the Acting General Counsel seeks an order requiring Respondent upon request of the Union, to rescind the unilateral changes described in these paragraphs and to restore the benefit of reimbursement of employees who are not full-time for expenses and time spent attending certification classes.

### **ANSWER REQUIREMENT**

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the consolidated complaint.  The answer must be **received by this office on or before <u>March 9, 2011</u>, or postmarked on or before <u>March 8, 2011</u>.**  Unless filed electronically in a pdf format, Respondent should file an original and four copies of the answer with this office.

An answer may also be filed electronically by using the E-Filing system on the Agency's website.  In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on File Case Documents, The E-Filing System asks you to enter the NLRB Case Number, and then follow the detailed instructions.  The responsibility for the receipt and usability of the answer rests exclusively upon the sender.  Unless notification on the Agency's website informs users that the Agency's E-Filing system is

-10-

**Exhibit 2**
**Page 45 of 402**

officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented.  See Section 102.21.  If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.

Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may <u>not</u> be filed by facsimile transmission.  If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true.

### NOTICE OF HEARING

PLEASE TAKE NOTICE that during the calendar call commencing on **April 25, 2011,** at **1:00 p.m.,** at the National Labor Relations Board, Region 31, 11150 W. Olympic Blvd., Suite 700, Los Angeles, California, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor

**Exhibit 2**
**Page 46 of 402**

Relations Board.  The precise order of all cases scheduled to be heard on this calendar call

will be determined no later than the close of business on the Friday preceding the calendar

call.  At the hearing, Respondents and any other party to this proceeding will have the right

to appear and present testimony regarding the allegations in this consolidated complaint.

The procedures to be followed at the hearing are described in the attached Form NLRB-

4668.  The procedure to request a postponement of the hearing is described in the attached

Form NLRB-4338.

       Dated at Los Angeles, California, this 23rd day of February, 2011.

       James J. McDermott, Regional Director
National Labor Relations Board, Region 31
11150 W. Olympic Boulevard, Suite 700
Los Angeles, CA  90064

**Exhibit 2**
**Page 47 of 402**

# SUMMARY OF STANDARD PROCEDURES IN FORMAL HEARINGS HELD
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
## IN UNFAIR LABOR PRACTICE PROCEEDINGS PURSUANT TO
## SECTION 10 OF THE NATIONAL LABOR RELATIONS ACT

The hearing will be conducted by an administrative law judge of the National Labor Relations Board who will preside at the hearing as an independent, impartial finder of the facts and applicable law whose decision in due time will be served on the parties. The offices of the administrative law judges are located in Washington, DC; San Francisco, California; New York, N.Y.; and Atlanta, Georgia.

At the date, hour, and place for which the hearing is set, the administrative law judge, upon the joint request of the parties, will conduct a "prehearing" conference, prior to or shortly after the opening of the hearing, to ensure that the issues are sharp and clearcut; or the administrative law judge may independently conduct such a conference. The administrative law judge will preside at such conference, but may, if the occasion arises, permit the parties to engage in private discussions. The conference will not necessarily be recorded, but it may well be that the labors of the conference will be evinced in the ultimate record, for example, in the form of statements of position, stipulations, and concessions. Except under unusual circumstances, the administrative law judge conducting the prehearing conference will be the one who will conduct the hearing; and <u>it is expected that the formal hearing will commence or be resumed immediately upon completion of the prehearing conference.</u> No prejudice will result to any party unwilling to participate in or make stipulations or concessions during any prehearing conference.

*(This is not to be construed as preventing the parties from meeting earlier for similar purposes. To the contrary, the parties are encouraged to meet prior to the time set for hearing in an effort to narrow the issues.)*

Parties may be represented by an attorney or other representative and present evidence relevant to the issues. All parties appearing before this hearing who have or whose witnesses have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in this hearing need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, should notify the Regional Director as soon as possible and request the necessary assistance.

An official reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the administrative law judge for approval.

All matter that is spoken in the hearing room while the hearing is in session will be recorded by the official reporter unless the administrative law judge specifically directs off-the-record discussion. In the event that any party wishes to make off-the-record statements, a request to go off the record should be directed to the administrative law judge and not to the official reporter.

Statements of reasons in support of motions and objections should be specific and concise. The administrative law judge will allow an automatic exception to all adverse rulings and, upon appropriate order, an objection and exception will be permitted to stand to an entire line of questioning.

All exhibits offered in evidence shall be in duplicate. Copies of exhibits should be supplied to the administrative law judge and other parties at the time the exhibits are offered in evidence. If a copy of any exhibit is not available at the time the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the administrative law judge before the close of hearing. In the event such copy is not submitted, and the filing has not been waived by the administrative law judge, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

Any party shall be entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. In the absence of a request, the administrative law judge may ask for oral argument if, at the close of the hearing, it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

(OVER)

**Exhibit 2**
**Page 48 of 402**

In the discretion of the administrative law judge, any party may, on request made before the close of the hearing, file a brief or proposed findings and conclusions, or both, with the administrative law judge who will fix the time for such filing. Any such filing submitted shall be double-spaced on 8½ by 11 inch paper.

Attention of the parties is called to the following requirements laid down in Section 102.42 of the Board's Rules and Regulations, with respect to the procedure to be followed before the proceeding is transferred to the Board:

No request for an extension of time within which to submit briefs or proposed findings to the administrative law judge will be considered unless received by the Chief Administrative Law Judge in Washington, DC (or, in cases under the branch offices in San Francisco, California; New York, New York; and Atlanta, Georgia, the Associate Chief Administrative Law Judge) at least 3 days prior to the expiration of time fixed for the submission of such documents. Notice of request for such extension of time must be served simultaneously on all other parties, and proof of such service furnished to the Chief Administrative Law Judge or the Associate Chief Administrative Law Judge, as the case may be. A quicker response is assured if the moving party secures the positions of the other parties and includes such in the request. All briefs or proposed findings filed with the administrative law judge must be submitted in triplicate, and may be printed or otherwise legibly duplicated with service on the other parties.

In due course the administrative law judge will prepare and file with the Board a decision in this proceeding, and will cause a copy thereof to be served on each of the parties. Upon filing of this decision, the Board will enter an order transferring this case to itself, and will serve copies of that order, setting forth the date of such transfer, on all parties. At that point, the administrative law judge's official connection with the case will cease.

The procedure to be followed before the Board from that point forward, with respect to the filing of exceptions to the administrative law judge's decision, the submission of supporting briefs, requests for oral argument before the Board, and related matters, is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be served on the parties together with the order transferring the case to the Board.

Adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations. If adjustment appears possible, the administrative law judge may suggest discussions between the parties or, on request, will afford reasonable opportunity during the hearing for such discussions.

**Exhibit 2**
**Page 49 of 402**

FORM NLRB-877

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD

Veritas Health Services, Inc. d/b/a
Chino Valley Medical Center

and

**Case Nos.:** 31-CA-29713, 31-CA-29714, 31-CA-29715
31-CA-29716, 31-CA-29717, 31-CA-29738
31-CA-29745, 31-CA-29749, 31-CA-29768
31-CA-29769, 31-CA-29786, 31-CA-29936
31-CA-29965 and , 31-CA-29966

United Nurses Associations of California/
Union of Health Care Professionals,
NUHHCE, AFSCME, AFL-CIO

**DATE OF MAILING:** February 23, 2011.

**AFFIDAVIT OF SERVICE OF:   ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING, w/Form NLRB-4668 attached.**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that, on the date indicated above, I served the above-entitled document(s) by postpaid mail upon the following persons, addressed to them at the following addresses:

**SERVED BY CERTIFIED MAIL:**

Ted R. Scott, Esq.
Littler Mendelson, P.C.
501 West Broadway, Suite 900
San Diego, CA 92101-3577

Lisa Demidovich, Esq.
United Nurses Assn of California/Union of
Healthcare Professionals, NUHHCE,
AFSCME,  AFL-CIO
955 Overland Court, Suite #150
San Dimas, CA 91773-1718

**SERVED BY REGULAR MAIL:**

James Lally, Chief Medical Officer
Veritas Health Services, Inc. dba
  Chino Valley Medical Center
5451 Walnut Avenue
Chino, CA 91710

Argie Reporting Service
5900 Nieman Road, Suite 200
Shawnee, KS  66203

| | |
|---|---|
| Subscribed and sworn to before me this 23rd day of February, 2010. | DESIGNATED AGENT NATIONAL LABOR RELATIONS BOARD |

**Exhibit 2**
**Page 50 of 402**

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 31

| | |
|---|---|
| **VERITAS HEALTH SERVICES, INC. d/b/a CHINO VALLEY MEDICAL CENTER,** | **Case Nos. 31-CA-29713, et al.** |
| **Respondent,** | **RESPONDENT'S ANSWER TO CONSOLIDATED COMPLAINT** |
| **and** | |
| **UNITED NURSES ASSOCIATIONS OF CALIFORNIA/UNION OF HEALTH CARE PROFESSIONALS, NUHHCE, AFSCME, AFL-CIO,** | |
| **Charging Party.** | |

Respondent VERITAS HEALTH SERVICES, INC. d/b/a CHINO VALLEY MEDICAL CENTER answers the Consolidated Complaint dated February 23, 2011 as follows:

1.      Respondent admits the allegations of Paragraphs 1, 2(a), 2(b), 2(c), 3, 4, 6, 7(a), 9(a), 9(c) and 16(a) of the Consolidated Complaint.

2.      Respondent denies the allegations of Paragraphs 8, 9(b), 10, 11, 12, 13, 14(a), 14(b), 15(a), 15(c), 15(d), 16(b), 17, 18, 19, 20(a), 20(b), 21, 22, 23(a), 23(b), 24, 25, 26(a), 26(b), 26(c), 27, 28, 29, 30 and 31 of the Consolidated Complaint.

3.      Answering Paragraph 5 of the Complaint, Respondent admits that James Lally was a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent with the meaning of Section 2(13) of the Act in March and April 2010; that Carlos Gonzalez was a supervisor of Respondent within the meaning of Section 2(11) of the Act in March 2010; that Lex Reddy was an agent of Respondent with the meaning of Section 2(13) of the Act in May 2010; that AnneMarie Robertson was a supervisor of Respondent within the meaning of Section 2(11) of the Act in April 2010; that Linda Ruggio was a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent with the

**Exhibit 2**
**Page 51 of 402**

meaning of Section 2(13) of the Act in mid-March 2010; that Suzanne Richards was an agent of Respondent within the meaning of Section 2(13) of the Act in mid-March 2010; that Cheryl Gilliatt was a supervisor of Respondent within the meaning of Section 2(11) of the Act in May 2010; that Dolly Casas was a supervisor of Respondent within the meaning of Section 2(11) of the Act in May 2010; and that Terri Hower was a supervisor of Respondent within the meaning of Section 2(11) of the Act in late April 2010. The remaining allegations set forth in Paragraph 5 are not relevant to determination of the unfair labor practice allegations contained in the Consolidated Complaint and are denied on that basis.

4.     Answering Paragraph 7(b) of the Consolidated Complaint, Respondent admits that the Board issued a certification of representative in Case 31-RC-8795, but denies that said certification is valid.

5.     Respondent cannot answer the allegations of Paragraph 15(b) of the Consolidated Complaint because said allegations are vague and ambiguous, and therefore denies each and ever allegation set forth therein.

### AFFIRMATIVE DEFENSES

1.     The allegations of the Consolidated Complaint are barred because they were not consolidated with the Complaint issued by the General Counsel in Case 31-CA-30105.

2.     The Certification of Representative issued by the Board as referenced in Paragraph 7(b) of the Act is invalid.

3.     The allegations of Paragraph 27 of the Consolidated Complaint violate the United States Constitution.

4.     Any and all remedies that may be sought with respect to the allegations of Paragraph 16 of the Consolidated Complaint are barred by Section 10(c) of the Act.

5.     Respondent incorporates by this reference as thought fully set forth herein Respondent's Objections to Conduct Interfering with the Election or Affecting the Results of the Election, Respondent's Post-Hearing Brief on Objections to Election, Respondent's Exceptions to Administrative Law Judge's Report and Recommendations on Objections and Respondent's

**Exhibit 2**
**Page 52 of 402**

Brief in Support of Exceptions to Administrative law Judge's Report and Recommendations on Objections, all of which were filed in Case 31-RC-8795.

Dated: March 9, 2011

THEODORE R. SCOTT
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:     619.515.1837
Facsimile:     619.615.2261

Attorneys for Respondent
VERITAS HEALTH SERVICES, INC. d/b/a
CHINO VALLEY MEDICAL CENTER

**Exhibit 2**
**Page 53 of 402**

*Veritas Health Services, Inc. d/b/a*
*Chino Valley Medical Center*

Case No. 31-CA-29713, *et al.*

### PROOF OF SERVICE BY E-MAIL

I am employed in San Diego County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 501 W. Broadway, Suite 900, San Diego, California  92101.3577.  On March 9, 2011, I served a true and correct copy of the within documents:

RESPONDENT'S ANSWER TO CONSOLIDATED
COMPLAINT

by e-mailing the document to the following persons at the e-mail addresses listed below:

Lisa Demidovich, Esq.
United Nurses Associations of California/
Union of Health Care Professionals
955 Overland Court, Suite 150
San Dimas, CA  91773-1718

<u>E-Mail Address</u>
lisa@unac-ca.org

Joanna Silverman, Esq.
Field Attorney
National Labor Relations Board, Region 31
11150 W. Olympic Boulevard, Suite 700
Los Angeles, CA  90064-1824

<u>E-Mail Address</u>
joanna.silverman@nlrb.gov

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2011, at San Diego, California.

_____
Rosa Dyer

**Exhibit 2**
**Page 54 of 402**

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 31

VERITAS HEALTH SERVICES, INC. d/b/a
CHINO VALLEY MEDICAL CENTER

        and                        Cases: 31-CA-29713, 31-CA-29714,
                                      31-CA-29715, 31-CA-29716,
                                      31-CA-29717, 31-CA-29738,
                                      31-CA-29745, 31-CA-29749,
                                      31-CA-29768, 31-CA-29769,
                                      31-CA-29786, 31-CA-29936,
                                      31-CA-29965 and 31-CA-29966

UNITED NURSES ASSOCIATIONS OF
CALIFORNIA/UNION OF HEALTH CARE
PROFESSIONALS, NUHHCE, AFSCME, AFL-CIO

**ORDER RESCHEDULING HEARING**

IT IS HEREBY ORDERED that the hearing in the above-captioned case,

which was set for April 25, 2011, is hereby rescheduled to June 6, 2011, at the same

time and place as previously scheduled because of a joint request for good cause to

continue the hearing date.

Dated at Los Angeles, California, this 9th day of March, 2011.

_____
James J. McDermott, Regional Director
National Labor Relations Board, Region 31
11150 W. Olympic Boulevard, Suite 700
Los Angeles, CA 90064

**Exhibit 2**
**Page 55 of 402**

FORM NLRB-877

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD

Veritas Health Services, Inc. d/b/a
Chino Valley Medical Center

and

**Case Nos.:** 31-CA-29713, 31-CA-29714, 31-CA-29715
31-CA-29716, 31-CA-29717, 31-CA-29738
31-CA-29745, 31-CA-29749, 31-CA-29768
31-CA-29769, 31-CA-29786, 31-CA-29936
31-CA-29965 and , 31-CA-29966

United Nurses Associations of California/
Union of Health Care Professionals,
NUHHCE, AFSCME, AFL-CIO

**DATE OF MAILING:** <u>March 9, 2011.</u>

**AFFIDAVIT OF SERVICE OF:**   <u>**ORDER RESCHEDULING HEARING.**</u>

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that, on the date indicated above, I served the above-entitled document(s) by postpaid mail upon the following persons, addressed to them at the following addresses:

**SERVED BY CERTIFIED MAIL:**

Ted R. Scott, Esq.
Littler Mendelson, P.C.
501 West Broadway, Suite 900
San Diego, CA 92101-3577

Lisa Demidovich, Esq.
United Nurses Assn of California/Union of Healthcare
Professionals, NUHHCE, AFSCME,  AFL-CIO
955 Overland Court, Suite #150
San Dimas, CA 91773-1718

**SERVED BY REGULAR MAIL:**

James Lally, Chief Medical Officer
Veritas Health Services, Inc. dba
  Chino Valley Medical Center
5451 Walnut Avenue
Chino, CA 91710

Argie Reporting Service
5900 Nieman Road, Suite 200
Shawnee, KS  66203

| Subscribed and sworn to before me this 9th day of March, 2011. | DESIGNATED AGENT, NATIONAL LABOR RELATIONS BOARD |
|---|---|

**Exhibit 2**
**Page 56 of 402**